DANIEL A. CROLEY (154386)
FUTTERMAN & DUPREE LLP
160 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dan@dfdlaw.com

Attorneys for Plaintiff
Geller International, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GELLER INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HITOSHI NISHIKAWA, and ASIA INTERNATIONAL, INC., <br><br> Defendants. | Case No. 07-05159 MMC <br><br> **DECLARATION OF STEVEN R. WALKER IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

I, STEVEN R. WALKER declare:

1.  I am a partner at Iteon Consulting, LLC, a computer consulting company specializing in computer forensics. Iteon Consulting, LLC is located at 74 Tehama Street, San Francisco, California. Before starting Iteon Consulting in 2003, I was employed as the Director of Technology for Good Technology. Previous to that, I was employed as a Network Architect for Exodus Communication. Previous to that, I was employed as Network Architect for Cohesive Systems. All three of these positions had large security and/or forensics components.

2.  I work in the field of Computer Forensics. My expertise includes (but is not limited to) hard disk analysis, data analysis, network security, email analysis, and (generally) network security and computer forensics.

network security and computer forensics.

3. I have been working in the field of information technology since 1990, and in the more specialized fields of network security and computer forensics since approximately 1995. I have a Bachelors degree from the University of California at Berkeley. I have taken and taught many classes in the field of information technology and specifically taken and taught many classes on computer forensics and security. I use methods that are standard in both information technology and in the network security and computer forensics fields. I have been retained as a Computer Forensics expert many times, and I am current on both the technologies in question and accepted practices in my field. To the best of my knowledge, no court has rejected the forensic methodologies I use.

4. Computer forensics involves examining a computer in an attempt to learn information about what was done with, by, or to that computer. A computer forensics expert using accepted methods will (under normal circumstances) be able to examine a computer without making any changes to it, usually by using a "write-blocker" or another method to protect the original disk from being polluted. Once it has been verified that the contents of the drive are protected, analysis of the data can occur. This analysis generally includes (among other things) searches, examination of log files, examination of the operating system, application, configuration, and data files/directories and dates on those files/directories, and examination of changes made to the computer since it was installed.

5. On 9/28/07, I received a laptop from Matthew Kell, an Iteon employee, who had received it from Jim Geller, at Geller, International. Mr. Kell was advised that it had been in use over the previous days by someone doing general administrative tasks at Geller. Mr. Kell assisted me in the work below. We were advised that Hitoshi Nishikawa was the person assigned to use this computer, and that his relationship with Geller ended on 9/5/07, but

Nishikawa had not returned the computer until approximately 9/17/07.

6.  The laptop had been well used; some of the letters were rubbed off the keys. When we removed the Western Digital hard drive from the laptop for examination, there were no marks or scratches on it or the case immediately surrounding it (which would have been indicative of a drive that had been previously removed). After making an exact copy of the drive, the copy was placed behind a write blocker, to ensure that the examination would not pollute the drive. The version of Windows that is installed on this disk dates to September 8-9 (the installation was not completed in one day). It is Windows XP (specifically, 2600.xpsp_sp2_gdr.070227-2254). From 9/9/07 to 9/13/07, normal applications were also installed. There were almost no user files visible to a regular user of this computer. The recent work on the computer by the employee at Geller, International was easy to segregate by date.

7.  Using a licensed copy of forensics software called "Handy Recovery" (a tool for recovering files that had been previously deleted or erased), we were able to find two sets of files. First, there were what appeared to be the previous user's files. These consisted of a few subfolders for organization, a few picture and Word document files (.jpg and .doc) and a large number of spreadsheets. Most of the file names contained one or more of the following words, wagyu, pricelist, price, Geller Price List, sourcing, chefs, product, distributors, Fresh Direct, restaurants, and/or inventory. The dates on the files do not appear accurate due to the recovery method; however, the dates in the titles appear to place many of these files between 7/12/07 and 9/17/07.

8. Using standard forensic techniques, we examined the registry and other information to show attached media and network drives. Under HKLM\System\ControlSet001\Enum\USBSTOR), we found information showing that multiple external storage devices were connected to the computer:

      Sony Memory Stick (no last used date information, mounted on d:)

      DVD-RW Drive (mounted on e:)

      Memorex M Flyer USB drive (SN 075B1D95CB7F &0, mounted on f:)

      SimpleTech External HD (SN 00101011406E01AD &0)

It appears that there was at least one other drive attached to this computer, although the information on it is incomplete. We did not find information demonstrating that any web site had been used to transfer or backup files, nor did we find information indicating that a network drive had recently been shared or accessed, although we have only been able to find information going back to the date the drive was formatted. While there is no evidence of shares to these computers, the following computers were on the same network as this laptop: A25BD8260D5F438, DBL007JB, and SONA.

      9.     Again using the Handy Recovery software, we were able to recover data from before the start of the installation of the Windows Operating System on 9/8/07 to 9/9/07. This recovery process required a different technique as the files had not been deleted; there was no record of them in the file system at all, which generally indicates that a quick format of the drive was performed. Based on the information from both the new and the old operating systems, it would appear that the quick format happened just before the new operating system was installed (9/8/07).

      10.     The files recovered using the second method included an Internet cache, operating system files from a Japanese version of Windows (including log and other dated information), and more user files from before the operating system was installed. We also noted that there are a few unusual sections of the disk that have no data (technically, the hex values in these sections are all F's). The contents of the recovered web cache show, among other things, emails sent from this computer on and after 9/6/07, and some porn. At least two of the emails referred to Nishikawa's departure from Geller, and were soliciting business. At least one of these emails

appears to have been sent directly from Nishikawa's Geller email address. From this hard drive, we obtained, among other things:

    (a) September 6, 2007 email from hitoshinishikawa@sbcglobal.net to Maria at Sprintech Development Ltd referencing "REF:6452/07" and stating that "Northern Wind is a most trust worthy scallop supplier (a true and correct copy of which is attached as Exhibit A hereto).

    (b) An undated email sent on or after September 6, 2007 sent to apparently to Carlton Oshiro at coshiro@yhata.com stating, among other things, "For my new company, I will continue to handle Wagyu beef import from 2 suppliers, Zennoh & Miyazaki."

11. The files described in item 7 appear to have been created during the period 7/12/07 and 9/17/07. However, there was a quick format performed on 9/8/07. Based on this information, it is clear that the files existed in some other location. Further, external storage was connected to the computer between 9/9/07 and the time that the computer was returned. Also Nishikawa resigned on 9/5/07 but emails were sent between 9/9/07 and the time he returned the laptop soliciting business.

12. It appears that the user of this computer utilized this computer for his regular work until 9/8/07. At some point before this date, many files were erased or deleted. On 9/8/07, the user of this computer performed a quick format of the drive, and installed a fresh operating system. Subsequent to this time, the files described in #7 were copied off of the local hard drive to one of the external storage devices described in #8. Before the drive was returned, these files were then deleted from the laptop computer.

13. Based on my experience examining hard drives and generally in computer forensics, the user of this computer destroyed (or attempted to destroy) Geller International intellectual property (the files described in #7), and attempted to hide his tracks in doing so by formatting the hard drive and reinstalling the operating system (although for the most part he did not succeed in

this task). Although he was not fully successful, in his attempts he also copied data belonging to Geller International and placed it on an external storage device or devices, which were not returned to Geller. While we were able to find a significant number of files, many are corrupted, and it is clear that files that once existed on the hard drive have been lost and are not recoverable, due to the actions of Nishikawa. Also, the emails appear to show him soliciting Geller customers from this computer. I would advise acquisition and examination of the external sources described in #8, as well as any electronic storage media in his possession, as it is likely that they contain Geller International intellectual property.

I declare under penalty of perjury pursuant to the laws of the State of California and the Untied States that the foregoing facts are true and correct.

Signed on October 5, 2007, at San Francisco, California.

_____
STEVEN R. WALKER

# EXHIBIT A

----- Original Message -----
**From:** hitoshinishikawa@sbcglobal.net
**To:** Sprintech Development Ltd
**Sent:** Thursday, September 06, 2007 11:59 AM
**Subject:** Re: REF:6452/07

*Dear Maria,*

*We assure you that we will guarantee that scallops are US origin and none of Chinese scallops being included, not like Eastern Fisheries.*
*As we explained to you that we will clearly indicate on USDC certificate that scallops are US origin.*
*Northern Wind is most trust worthy scallop supplier.*

*We really need your help to place orders as they already started to produce products against your order so they can ship products out next week.*


*Regards*


----- Original Message -----
**From:** Sprintech Development Ltd
**To:** hitoshinishikawa@sbcglobal.net
**Sent:** Thursday, September 06, 2007 12:52 AM
**Subject:** REF:6452/07

*TO: HITOSHI NISHIKAWA - USA*

*<SPAN lang=EßN«µû/!Ô«O :0PR¨û.kö¿w}?"œ±^È²<°ÈÄó†]Œ*

# EXHIBIT B

Dear Mr. Carlton Oshiro,

I briefly talked to you this morning but I could not explain the full situation to you.
I am in the process of establishing the company of my own.
I am <u>not</u> coming as a reprehensive of Geller Int'l, Inc.  I am coming to the food show to
represent newly formed company.

For my new company, I will continue to handle Wagyu beef import from 2 suppliers, Zennoh & Miyazaki.
For your reference, I managed to get more promotional materials from Japan.

Wish to talk to you when you finish meeting.


Regards


----- Original Message -----
**From:** hitoshinishikawa@sbcglobal.net
**To:** Carlton Oshiro
**Sent:** Thursday, September 06, 2007 5:13 PM
**Subject:** Up coming food show

Dear Mr. Carlton Oshiro,

I must inform you that I resigned from Geller International, Inc. as of yesterday.
I am still trying to make a trip but I might not be to bring any of promotional material which I got from Japan.
Will give you a call about this matter.

Regards


---

Hitoshi Nishikawa
215 Catalina Avenue
Pacifica, California 94044
Tel.(650)738-0852
Fax.(650)738-0852
Cell.(650)438-9484

---