# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GELLER INTERNATIONAL, INC.<br><br>Plaintiff,<br><br>v.<br><br>HITOSHI NISHIKAWA, and ASIA INTERNATIONAL, INC.<br>Defendants. | Case No. 07-05159 MMC<br><br>**[PLAINTIFF'S PROPOSED ORDER] GRANTING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND FOR EXPEDITED DISCOVERY AND AN ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION**<br><br>(Civil L.R. 7-10; 65-1) |

Plaintiff moves for a temporary restraining order ("TRO"). Considering the moving memoranda, Plaintiff's application for a TRO should be granted and Plaintiff's application for a TRO should be granted whereby Defendant is:

1) Defendants are enjoined from deleting or destroying or permitting anyone to delete or destroy any electronic files or folders under the e-mail address of hitoshinishikawa@sbcglobal.net.

2) enjoined from disclosing the content of any data taken from Plaintiff, including but not limited to from Geller-issued laptop computer. Defendants are enjoined from transferring, sending or transmitting any files or electronic information belonging to Plaintiff.

3) enjoined from, directly or indirectly, using or disclosing any and all of Plaintiff's supplier, vendor and pricing information that he has in his possession or control.

| | | |
|---|---|---|
| | 4) | directed to immediately return to Geller all electronic data (plus any hardcopies) from any device, including but not limited to from the Geller-issued laptop and not to access such data at any time in the future |
| | 5) | directed to provide within 5 days all electronic devices he uses or has used in connection with performing work to Steve Walker to quantify and remove all Geller data at Defendants' expense. |
| | 6) | Defendants and any other acting in concert with either of them are enjoined from, directly or indirectly, using or disclosing any and all confidential information regarding Plaintiff's customers or suppliers that Nishikawa obtained during the course of his relationship with Geller. Nothing in this Order shall preclude the Defendants from using or disclosing publicly available information regarding food customers. |
| | 7) | Geller may serve upon SBC or its affiliate a subpoena for production of all of Defendant Nishikawa for all of his accounts, including but not limited to for the address hitoshinishikawa@sbcglobal.net. |
| | 8) | Directed not to solicit any Geller customer unless any Defendant first shows the court that any Defendant had done substantial business with such customer before Nishikawa began working at Geller and said proof shall be submitted under seal so as not to disclose Geller customers' identities. |
| | 9) | Further, nothing in this Order shall preclude the employee Defendants from soliciting business from customers of Plaintiff as long as the employee or agents of Defendants do not use or disclose Plaintiff's confidential information while doing so; provided, they also comply with Paragraphs 2, 3 and 8), above. |

Plaintiff further requests that the TRO shall be in force until _____, 2007. On that date and at _____ p.m., the Court will hold a hearing to consider whether to issue a preliminary injunction. The parties shall meet and confer and attempt to agree upon any discovery to be conducted prior to the hearing. If they are unable to agree, any party wishing to take discovery

1  shall file a miscellaneous administrative request therefore pursuant to Local Rule 7-10(b).
2  However, the opposing party shall have only two court days to respond. Plaintiff shall file any
3  additional papers in support of its request for a preliminary injunction no later than
4  _____, 2007. Defendant shall file any additional papers in opposition no later than
5  _____ 2007.
6      Expedited discovery is permitted, including written discovery to be responded to in five
7  days and up to three depositions per side.
8      IT IS SO ORDERED.

Dated: 10/\_\_/07

_____
UNITED STATES DISTRICT JUDGE