DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (SBN 117213)
BARBARA L. HARRIS CHIANG (SBN 206892)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:   (415) 397-2700
Facsimile:    (415) 397-3300

Attorneys for Defendants HITOSHI NISHIKAWA
and ASIA INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GELLER INTERNATIONAL, INC., | Case No. C-075159 MMC |
| Plaintiff, | ANSWER OF DEFENDANTS TO COMPLAINT OF GELLER INTERNATIONAL, INC. |
| v. | |
| HITOSHI NISHIKAWA, and ASIA INTERNATIONAL, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

Defendants HITOSHI NISHIKAWA ("Nishikawa"), and ASIA INTERNATIONAL, INC. ("Asia International) (collectively, "Defendants") respond to the Complaint of Geller International, Inc. for 1) Fraud in Connection with Computers (18 U.S.C. § 1030); 2) Misappropriation of Trade Secrets (Cal. Civ. Code § 3426 et seq.); 3) Breach of Contract; 40 Intentional Interference with Contract; 50 Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 et seq.); 6) Interference with Prospective Business Relations; 7) Replevin; 8) Conversion; 9) Trespass to Chattel; 10) Breach of Fiduciary and Loyalty Duties and 11) Civil Action Under California Penal code Section 502 as follows:

1.   Defendants deny each and every allegation in Paragraph 1.

2.   Responding to Paragraph 2 of the Complaint, Defendants are informed and believe, and on that basis allege and aver that Plaintiff is a California corporation and its principal place of

Page 1 – C-075159 MMC Answer of Defendants' to Complaint of Geller International, Inc.

1  business is in Burlingame.

2  3. Responding to Paragraph 3 of the Complaint, Defendants admit and aver that Hitoshi Nishikawa resides at 215 Catalina Avenue, Pacifica, California and that Asia International, Inc. was formed by Nishikawa and its principal place of business is located at 215 Catalina Avenue, Pacifica, California. Except as expressly admitted and averred, Defendants deny each and every allegation in Paragraph 3.

4. Defendants deny each and every allegation in Paragraph 4.

5. Responding to Paragraph 5 of the Complaint, Defendants admit and aver that Defendants reside or have their principal place of business in California and that Geller's principal place of business is in California. Except as expressly admitted and averred, Defendants deny each and every allegation in Paragraph 5.

6. Defendants deny each and every allegation in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

8. Responding to Paragraph 8 of the Complaint, Defendants admit and aver that Nishikawa worked for Plaintiff from April 2003 until September 5, 2007. Except as expressly admitted and averred, Defendants deny each and every allegation in Paragraph 8.

9. Defendants deny each and every allegation in Paragraph 9.

10. Responding to Paragraph 10 of the Complaint, Defendants admit and aver that Plaintiff issued Defendant a laptop computer. Except as expressly admitted and averred, Defendants deny each and every allegation in Paragraph 10.

11. Defendants deny each and every allegation in Paragraph 11.

12. Responding to Paragraph 12 of the Complaint, Defendants admit and aver that Nishikawa executed a document entitled "Employment Agreement" on or about April 11, 2003. Except as expressly admitted and averred, Defendants deny each and every allegation in Paragraph 12.

13. Responding to Paragraph 13 of the Complaint, Defendants admit and aver that Nishikawa is actively soliciting business for Asia International, Inc. Except as expressly admitted and averred, Defendants deny each and every allegation in Paragraph 13.

1      14.     Responding to Paragraph 14 of the Complaint, Defendants refer to and incorporate
2  by reference their responses to Paragraphs 1-13 of the Complaint.
3      15.     Defendants deny each and every allegation in Paragraph 15.
4      16.     Defendants deny each and every allegation in Paragraph 16.
5      17.     Defendants deny each and every allegation in Paragraph 17.
6      18.     Defendants deny each and every allegation in Paragraph 18.
7      19.     Defendants deny each and every allegation in Paragraph 19.
8      20.     Responding to Paragraph 20 of the Complaint, Defendants refer to and incorporate
9  by reference their responses to Paragraphs 1-19 of the Complaint.
10     21.     Defendants deny each and every allegation in Paragraph 21.
11     22.     Defendants deny each and every allegation in Paragraph 22.
12     23.     Defendants deny each and every allegation in Paragraph 23.
13     24.     Defendants deny each and every allegation in Paragraph 24.
14     25.     Defendants deny each and every allegation in Paragraph 25.
15     26.     Defendants deny each and every allegation in Paragraph 26.
16     27.     Defendants deny each and every allegation in Paragraph 27.
17     28.     Defendants deny each and every allegation in Paragraph 28.
18     29.     Defendants deny each and every allegation in Paragraph 29.
19     30.     Defendants deny each and every allegation in Paragraph 30.
20     31.     Defendants deny each and every allegation in Paragraph 31.
21     32.     Responding to Paragraph 32 of the Complaint, Defendants refer to and incorporate
22  by reference their responses to Paragraphs 1-31 of the Complaint.
23     33.     Responding to Paragraph 33 of the Complaint, Defendants admit and aver that
24  Nishikawa executed a document entitled "Employment Agreement" on or about April 11, 2003.
25  Except as expressly admitted and averred, Defendants deny each and every allegation in
26  Paragraph 33.
27     34.     Defendants deny each and every allegation in Paragraph 34.
28     35.     Defendants deny each and every allegation in Paragraph 35.

Page 3 –  C-075159 MMC Answer of Defendants' to Complaint of Geller International, Inc.

1     36.     Defendants deny each and every allegation in Paragraph 36.

2     37.     Defendants deny each and every allegation in Paragraph 37.

3     38.     Defendants deny each and every allegation in Paragraph 38.

4     39.     Defendants deny each and every allegation in Paragraph 39.

5     40.     Defendants deny each and every allegation in Paragraph 40.

6     41.     Responding to Paragraph 41 of the Complaint, Defendants refer to and incorporate

7 by reference their responses to Paragraphs 1-40 of the Complaint.

8     42.     Defendants deny each and every allegation in Paragraph 42.

9     43.     Defendants deny each and every allegation in Paragraph 43.

10     44.     Defendants deny each and every allegation in Paragraph 44.

11     45.     Defendants deny each and every allegation in Paragraph 45.

12     46.     Defendants deny each and every allegation in Paragraph 46.

13     47.     Defendants deny each and every allegation in Paragraph 47.

14     48.     Defendants deny each and every allegation in Paragraph 48.

15     49.     Responding to Paragraph 49 of the Complaint, Defendants refer to and incorporate

16 by reference their responses to Paragraphs 1-48 of the Complaint.

17     50.     Defendants deny each and every allegation in Paragraph 50.

18     51.     Defendants deny each and every allegation in Paragraph 51.

19     52.     Defendants deny each and every allegation in Paragraph 52.

20     53.     Defendants deny each and every allegation in Paragraph 53.

21     54.     Responding to Paragraph 54 of the Complaint, Defendants refer to and incorporate

22 by reference their responses to Paragraphs 1-53 of the Complaint.

23     55.     Responding to Paragraph 55 of the Complaint, Defendants admit and aver that

24 Nishikawa worked on and supervised accounts while working for Plaintiff. Except as expressly

25 admitted and averred, Defendants deny each and every allegation in Paragraph 55.

26     56.     Defendants deny each and every allegation in Paragraph 56.

27     57.     Defendants deny each and every allegation in Paragraph 57.

28     58.     Defendants deny each and every allegation in Paragraph 58.

1   59.   Defendants deny each and every allegation in Paragraph 59.
2   60.   Defendants deny each and every allegation in Paragraph 60.
3   61.   Defendants deny each and every allegation in Paragraph 61.
4   62.   Defendants deny each and every allegation in Paragraph 62.
5   63.   Responding to Paragraph 63 of the Complaint, Defendants refer to and incorporate
6   by reference their responses to Paragraphs 1-62 of the Complaint.
7   64.   Defendants deny each and every allegation in Paragraph 64.
8   65.   Defendants deny each and every allegation in Paragraph 65.
9   66.   Defendants deny each and every allegation in Paragraph 66.
10   67.   Responding to Paragraph 67 of the Complaint, Defendants refer to and incorporate
11   by reference their responses to Paragraphs 1-66 of the Complaint.
12   68.   Defendants deny each and every allegation in Paragraph 68.
13   69.   Defendants deny each and every allegation in Paragraph 69.
14   70.   Defendants deny each and every allegation in Paragraph 70.
15   71.   Responding to Paragraph 71 of the Complaint, Defendants refer to and incorporate
16   by reference their responses to Paragraphs 1-70 of the Complaint.
17   72.   Defendants deny each and every allegation in Paragraph 72.
18   73.   Defendants deny each and every allegation in Paragraph 73.
19   74.   Defendants deny each and every allegation in Paragraph 74.
20   75.   Defendants deny each and every allegation in Paragraph 75.
21   76.   Responding to Paragraph 76 of the Complaint, Defendants refer to and incorporate
22   by reference their responses to Paragraphs 1-75 of the Complaint.
23   77.   Defendants deny each and every allegation in Paragraph 77.
24   78.   Defendants deny each and every allegation in Paragraph 78.
25   79.   Defendants deny each and every allegation in Paragraph 79.
26   80.   Responding to Paragraph 80 of the Complaint, Defendants refer to and incorporate
27   by reference their responses to Paragraphs 1-79 of the Complaint.
28   81.   Defendants deny each and every allegation in Paragraph 81.

1    82.    Defendants deny each and every allegation in Paragraph 82.
2    83.    Defendants deny each and every allegation in Paragraph 83.
3    84.    Defendants deny each and every allegation in Paragraph 84.
4    85.    Defendants deny each and every allegation in Paragraph 85.
5    86.    Defendants deny each and every allegation in Paragraph 86.
6    87.    Defendants deny each and every allegation in Paragraph 87.

## AFFIRMATIVE DEFENSES

8    88.    As and for a First Affirmative Defense, Defendants allege and aver that plaintiff is barred from seeking some or all of the declaratory and equitable relief and other requested in the Complaint on the basis of unclean hands, laches, waiver and estoppel.

11    89.    As and for a Second Affirmative Defense, Defendants allege and aver that Plaintiff's Complaint, and each and every claim purportedly asserted therein, is barred by the applicable statutes of limitations (including but not limited to C.C.P. §§ 337, 338).

14    90.    As and for a Third Affirmative Defense, Defendants allege and aver that some or all of the claims asserted by Plaintiff are barred in whole or in part because the acts and omissions of Defendants were privileged and/or justified under the circumstances.

17    91.    As and for a Fourth affirmative defense, Defendants allege and aver that Plaintiff's Complaint, and each and every claim purportedly asserted therein, is barred in whole or in part by plaintiff's failure to mitigate its damages, if any.

20    92.    As and for a Fifth affirmative defense, Defendants allege and aver that Plaintiff's Complaint, and each and every claim purportedly asserted therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault, or the acts or omissions of persons or entities other than Defendants.

24    93.    As and for a Sixth affirmative defense, Defendants denies that any loss, damage, or injury of any kind or character, of any sum or amount has been suffered by Plaintiff by reason of any acts, omissions, carelessness, negligence, or intentional conduct on the part of Defendants, or on the part of any of Defendants' agents, servants, employees, or any other person or persons acting or purporting to act on its behalf, or on behalf of any of them, but rather was the resolute of

1  the conduct of plaintiff or others.

2  94.  As and for a Seventh affirmative defense, Defendants allege and aver that the
3  Complaint, or any purported claim therein, fails to state facts sufficient to constitute a claim for
4  punitive damages.

5  95.  As and for an Eighth affirmative defense, Defendants allege and aver that
6  information concerning Geller customers or suppliers is not a trade secret in that the essence of the
7  alleged secrets is generally known in the industry and the information is readily ascertainable by
8  proper means.

9  96.  As and for a Ninth affirmative defense, Defendants allege and aver that that any
10 contractual recovery on the Complaint is barred in whole or in part by the failure of one or more
11 conditions precedent.

12 97.  As and for a Tenth affirmative defense, Defendants allege and aver that that any
13 contractual recovery on the Complaint is barred in whole or in part by the failure of one or more
14 conditions subsequent.

15 98.  As and for an Eleventh affirmative defense, Defendants allege and aver that
16 Plaintiff's claims for breach of contract are barred in whole or in part by Plaintiff's material
17 breach of its obligations to Defendants thereby excusing any further performance by Defendants.

18 99.  As and for a Twelfth affirmative defense, Defendants allege that Plaintiff's claims
19 are barred in whole or in part by the failure of consideration of the alleged contract.

20 100. As and for a Thirteenth affirmative defense, Defendants allege and aver that
21 Plaintiff's Complaint and each and every claim purportedly asserted therein is barred in whole or
22 in part by Plaintiff's own breach of the implied covenant of good faith and fair dealing.

23 101. As and for a Fourteenth affirmative defense, Defendants allege and aver that the
24 alleged Employment Agreement is an unlawful contract and is thus void or voidable.

25 102. As and for a Fifteenth affirmative defense, Defendants allege and aver that because
26 the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that
27 may be applicable to the within action. Accordingly, the right to assert additional defenses, if and
28 to the extent that such defenses are applicable, is hereby reserved.

1  WHEREFORE, Defendants pray for judgment as follows:

2  1.  Judgment in their favor and against Plaintiff, including an order that Plaintiff take

3  nothing by way of damages or other relief;

4  2.  For an award of Defendants' attorneys' fees and costs; and

5  3.  Such other and further relief as this Court deems proper.

### Jury Trial Demand

Defendants demand a trial by jury of all issues so triable.

Dated:  November 1, 2007          DILLINGHAM & MURPHY
                                  CARLA J. HARTLEY
                                  BARBARA L. HARRIS CHIANG


                          By:   /s/_____
                                Attorneys for Defendants
                                HITOSHI NISHIKAWA and
                                ASIA INTERNATIONAL, INC.