DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (SBN 117213)
BARBARA L. HARRIS CHIANG (SBN 206892)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone:   (415) 397-2700
Facsimile:    (415) 397-3300
cjh@dillinghammurphy.com
bhc@dillinghammurphy.com

Attorneys for Defendants and Counterclaimants
HITOSHI NISHIKAWA and ASIA INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| GELLER INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HITOSHI NISHIKAWA, and ASIA INTERNATIONAL, INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. C-075159 MMC<br><br>**PROPOSED ALTERNATIVE] ORDER REGARDING  PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION**<br><br>Date: November 14, 2007<br>Time: 9:00 a.m.<br>Complaint filed: October 9, 2007 |

Plaintiff GELLER INTERNATIONAL, INC.'s ("Plaintiff") Application for a Preliminary Injunction came for hearing before the Court on November 14, 2007 at 9:00 a.m. Having considered the moving and opposing papers, and the arguments presented at the hearing, and good cause appearing, the Court hereby DENIES IN PART AND GRANTS IN PART Plaintiff's Application for Preliminary Injunction in this action as follows:

 1) Defendants are enjoined from deleting or destroying or permitting anyone

to delete or destroy any electronic files under the e-mail address of

hitoshinishikawa@sbcglobal.net.

 2) Defendants are enjoined from using or disclosing to any third party any

documents or data taken from Plaintiff pertaining to Plaintiff's customers or

1 suppliers, including but not limited to data from the Geller-issued laptop computer.
2 This provision does not apply to:
3     (a)  Documents necessary to prosecute Defendants' counterclaims,
4     including but not limited to spreadsheets created by Defendant
5     Nishikawa to track his commissions, commission reports Nishikawa
6     received from Plaintiff, and copies of FedEx charges.
7     (b) Documents and data related to Defendant Nishikawa's customers
8     and contacts that pre-existed his employment with Geller, including
9     contact information related to Poseidon Seafood and Zennoh,  and
10     contact information related to Wagyu customers Prime One Twelve,
11     Masa, Rangetsu, Azul, and Grass Restaurant.
12 3) Defendants are directed to immediately return to Plaintiff all electronic data
13 (plus any hardcopies) stored on any device, including but not limited to the Geller -
14 issued laptop.  This provision does not apply to:
15     (a)  Documents necessary to prosecute Defendants' counterclaims,
16     including but not limited to spreadsheets created by Defendant
17     Nishikawa to track his commissions, commission reports Nishikawa
18     received from Plaintiff, and copies of FedEx charges.
19     (b) Documents and data related to Defendant Nishikawa's customers
20     and contacts that pre-existed his employment with Geller, including
21     contact information related to Poseidon Seafood and Zennoh  and
22     contact information related to Wagyu customers Prime One Twelve,
23     Masa, Rangetsu, Azul, and Grass Restaurant.
24 4) Defendants are enjoined from, directly or indirectly, using or disclosing to
25 third parties information concerning Plaintiff's suppliers, excluding Poseidon
26 Seafood and Zennoh.
27 5) Defendants are enjoined from, directly or indirectly, using or disclosing to
28 third persons information concerning Plaintiff's customers, excluding Wagyu

1  customers Prime One Twelve, Masa, Rangetsu, Azul, and Grass Restaurant, and
2  Zennoh.
3  6)    Plaintiff shall file with the Court, under seal, and a list of all suppliers and
4  customers plaintiff did business with between April 2005 through September 5,
5  2007, excluding Wagyu customers Prime One Twelve, Masa, Rangetsu, Azul, and
6  Grass Restaurant, and Poseidon Seafood and Zennoh, who are covered by
7  paragraphs 4 and 5 above.  Plaintiff shall also serve a copy of this list on
8  Defendants.  The list shall only be used for purposes of determining which
9  customers and suppliers are covered by this Order and shall not be used by the
10 Defendants for any other purpose.
11 7)    Nothing in this Order shall preclude Defendants from using or disclosing
12 publicly available information regarding food customers or suppliers.  Further,
13 nothing in this Order shall preclude Defendants from contacting and or soliciting
14 business from customers, suppliers and other contacts that pre-existed Defendant
15 Nishikawa's employment with Geller, including Poseidon Seafood and Zennoh,
16 and Wagyu customers Prime One Twelve, Masa, Rangetsu, Azul, and Grass
17 Restaurant.  Further, nothing in this Order shall preclude Defendants from doing
18 business with customers or suppliers of Plaintiff so long as Defendants do not
19 violate any of the provisions of this Order.
20
21 All other relief requested by Plaintiff in its Application for Preliminary Injunction
22 is denied.
23
24
25 DATED: _____, 2007                         _____
                                                  United States District Judge
26
27
28