DANIEL A. CROLEY (154386)
FUTTERMAN & DUPREE LLP
160 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dan@dfdlaw.com

*Attorneys for Plaintiff and Counter-Defendant*
*Geller International, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GELLER INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HITOSHI NISHIKAWA and ASIA INTERNATIONAL, INC., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. C 07-05159 MMC <br><br> **PLAINTIFF AND CROSS-DEFENDANT'S ANSWER TO CROSS-COMPLAINT** |

Plaintiff and Cross-Defendant Geller International, Inc., by and through its counsel of record, hereby answers the Cross-Complaint of Hitoshi Nishikawa and Asia International, Inc. and admits, denies and alleges as follows in the numbered paragraphs below, which correspond to the numbered paragraphs in the Cross-Complaint:

1.  Cross-Defendant admits the allegations in Paragraph 1.
2.  Cross-Defendant admits the allegations in Paragraph 2.
3.  Cross-Defendant admits the allegations in Paragraph 3.
4.  Cross-Defendant admits the allegations in Paragraph 4.
5.  Cross-Defendant admits the allegations in Paragraph 5.

6. Cross-Defendant denies each and every allegation in Paragraph 6, except as admitted herein: venue is proper in this district and Cross-Defendant transacts business in this district.

7. Cross-Defendant denies each and every allegation in Paragraph 7, except as admitted herein: Exhibit A to the Cross-Complaint is authentic.

8. Cross-Defendant denies each and every allegation in Paragraph 8, except as admitted herein: Cross-Defendant supplies Japanese beef.

9. Cross-Defendant denies each and every allegation in Paragraph 9, except as admitted herein: Exhibit A to the Cross-Complaint is authentic.

10. Cross-Defendant denies each and every allegation in Paragraph 10, except as admitted herein: the parties had discussed commissions.

11. Cross-Defendant denies each and every allegation in Paragraph 11, except as admitted herein: the parties had discussed various financial arrangements.

12. Cross-Defendant denies each and every allegation in Paragraph 12.

13. Cross-Defendant incorporates by reference each of the denials and admissions in Paragraphs 1 through 12 as if fully set forth herein.

14. Cross-Defendant denies each and every allegation in Paragraph 14, except as admitted herein: Exhibit A to the Cross-Complaint is authentic.

15. Cross-Defendant denies each and every allegation in Paragraph 15, except as admitted herein: Exhibit A to the Cross-Complaint is authentic.

16. Cross-Defendant denies each and every allegation in Paragraph 16, except as admitted herein: Exhibit A to the Cross-Complaint is authentic.

17. Cross-Defendant denies each and every allegation in Paragraph 17, except as admitted herein: Exhibit A to the Cross-Complaint is authentic.

18. Cross-Defendant denies each and every allegation in Paragraph 18.

19. Cross-Defendant denies each and every allegation in Paragraph 19.

20. Cross-Defendant incorporates by reference each of the denials and admissions in Paragraphs 1 through 19 as if fully set forth herein.

21. Cross-Defendant denies each and every allegation in Paragraph 21.

22. Cross-Defendant denies each and every allegation in Paragraph 22.

23. Defendant admits that Labor Code Section 203 accelerates wage obligations upon termination as to an "employee" and earned "wages", but denies that such statute applies here and, even if it does, was violated and otherwise denies the allegations of paragraph 23.

24. Cross-Defendant incorporates by reference each of the denials and admissions in Paragraphs 1 through 24 as if fully set forth herein.

25. Cross-Defendant admits that Labor Code Section 201 regulates obligations in respect to an "employee" and earned "wages", but denies that such statute applies here and, even if it does, was violated and otherwise denies the allegations of paragraph 25.

26. Cross-Defendant admits that Labor Code Sections 201 and 203 impose obligations in respect to an "employee" and earned "wages", but denies that such statutes apply here and, even if they do, were violated and otherwise denies the allegations of paragraph 26.

27. Cross-Defendant denies each and every allegation in Paragraph 27.

28. Cross-Defendant incorporates by reference each of the denials and admissions in Paragraphs 1 through 27 as if fully set forth herein.

29. Cross-Defendant admits Business and Professions Code § 17200 *et seq.* empowers a court to provide certain remedies, but denies that exercising such authority is proper here and otherwise denies the allegations of paragraph 29.

30. Cross-Defendant denies each and every allegation in Paragraph 30.

31. Cross-Defendant denies each and every allegation in Paragraph 31.

32. Cross-Defendant denies each and every allegation in Paragraph 32.

33. Cross-Defendant incorporates by reference each of the denials and admissions in Paragraphs 1 through 33 as if fully set forth herein.

34. Cross-Defendant denies each and every allegation in Paragraph 34.

35. Cross-Defendant denies each and every allegation in Paragraph 35.

36. Cross-Defendant denies each and every allegation in Paragraph 36.

37. Cross-Defendant denies each and every allegation in Paragraph 37.

38. Cross-Defendant denies each and every allegation in Paragraph 38.

39. Cross-Defendant incorporates by reference each of the denials and admissions in Paragraphs 1 through 38 as if fully set forth herein.

40. Cross-Defendant denies each and every allegation in Paragraph 40.

41. Cross-Defendant denies each and every allegation in Paragraph 41.

42. Cross-Defendant denies each and every allegation in Paragraph 42.

43. Cross-Defendant denies each and every allegation in Paragraph 43.

44. Cross-Defendant denies each and every allegation in Paragraph 44.

45. Cross-Defendant denies each and every allegation in Paragraph 45.

46. Cross-Defendant denies each and every allegation in Paragraph 46.

47. Cross-Defendant denies each and every allegation in Paragraph 47.

48. Cross-Defendant denies each and every allegation in Paragraph 48.

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

1. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that the Cross-Complaint fails to state a claim upon which relief can be granted.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that Cross-Complainant's claims are barred or subject to offset under the unclean hands doctrine and/or equitable estoppel.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that, to the extent during the course of this litigation it acquires any evidence of wrongdoing by Cross-Complainant Nishikawa, which wrongdoing would have materially affected the terms and conditions of Cross-Complainant's relationship or would have resulted in Cross-Complainant Nishikawa either being disciplined, or terminated, such after-acquired evidence shall bar Cross-Complainant's on liability or damages, or shall reduce such claims as provided by law.

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE**

4. As a separate and affirmative defense to the Cross-Complaint, Cross-Defendant alleges that Cross-Complainants have waived or are estopped from asserting, in whole or in part, all of the causes of action upon which they seek relief.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE**

5. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that Cross-Complainant failed to exhaust applicable contractual remedies prior to commencing this litigation.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE**

6. Cross-Defendant alleges that Cross-Complainants' prayer for punitive damages and penalties are barred by the contract clause (Article I, Section 10, Clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), or the excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

7. As a separate and affirmative defense to the third cause of action the Cross-Complaint and to Cross-Complainant Nishikawa's claims for penalties under Labor Code Section 203, such claims are barred by the contract clause (Article I, Section 10, Clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), or the excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE**

8. As a separate and affirmative defense to the Cross-Complaint and count for waiting-time penalties under Labor Code Section 203, Cross-Defendant alleges that any alleged failure to pay wages was not willful and thus no waiting-time penalties are appropriate.

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE**

9. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant's conduct was a just and proper exercise of managerial

1  discretion, undertaken for fair and honest reasons, comporting with good faith under the
2  circumstances then existing, and was privileged and justified.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10.  As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein by Nishikawa, Cross-Defendant alleges that, if Cross-Complainant's allegations state a cause of action, then Cross-Defendant's failure to perform its obligations, if any, is the result of Cross-Complainant's failure to perform his obligations as required by contract, and that performance on the part of Cross-Complainant is a condition precedent which Cross-Complainant failed to fulfill, thus excusing the performance of Cross-Defendant's obligations, if any.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11.  As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that, to the extent Cross-Defendant did not perform, Cross-Defendant's performance was excused by virtue of Cross-Complainant's material breach, failure of performance, prevention of performance and other wrongs.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

12.  As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that Cross-Complainants' have failed to use due diligence to mitigate their alleged damages, if any.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13.  As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that Cross-Complainants, by their actions and/or omissions, are estopped, in whole or in part, from asserting any of the claims upon which they seeks relief.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14.  As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that any non-economic damages sustained by Cross-Complainants in this action were due to the fault of someone other than Cross-Defendant, and

1 under California Civil Code Section 1431.2, the Fair Responsibility Act of 1986, Cross-Defendant can only be held liable to those economic damages proportionally caused by the fault of Cross-Defendant.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant alleges that each cause of action in the Cross-Complaint is barred to the extent authorized by law on account of the privilege under Civil Code § 47 et seq. and/or permitted commercial speech.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, the Cross-Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, if Cross-Plaintiff's allegations state a cause of action and Cross-Complainant is awarded damages, if any, against Cross-Defendant, then Cross-Defendant is entitled to a setoff to the extent that Cross-Complainant owes Cross-Defendant any damages or compensation.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Complainants' Cross-Complaint, and each claim and purported cause of action therein, is barred to the extent such claims are, in whole or in part, resolved and compromised under the doctrines of accord and satisfaction, payment, ratification, waiver and/or release and barred by their failure to rescind.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, each such claim fails to the extent such claims are, in whole or in part, barred by the parole evidence rule.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

20. As a separate and affirmative defense to the Cross-Complaint, and to each cause of action therein, Cross-Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses are available. Cross-Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Cross-Defendant prays for the following:

1. That Cross-Complainants take nothing by this action;

2. That judgment be entered in favor of Cross-Defendant and against Cross-Complainants;

3. That costs of suit be awarded to Cross-Defendant;

4. That attorneys' fees be awarded to Cross-Defendant to the extent permitted by law, including but not limited to Labor Code Section 218.5; and

5. For such other and further relief as the Court deems just and proper.

Dated: November 19, 2007

FUTTERMAN & DUPREE LLP

/s/
DANIEL A. CROLEY (154386)
160 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dan@dfdlaw.com

*Attorneys for Plaintiff and Counter-Defendant*
GELLER INTERNATIONAL, INC.