DANIEL A. CROLEY (154386)
FUTTERMAN & DUPREE LLP
160 Sansome Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 399-3840
Facsimile: (415) 399-3838
dan@dfdlaw.com

*Attorneys for Plaintiff and Counter-Defendant
Geller International, Inc. and Counter-Defendant
James Geller*

DILLINGHAM & MURPHY, LLP
CARLA J. HARTLEY (SBN 117213)
BARBARA L. HARRIS CHIANG (SBN 206892)
225 Bush Street, 6th Floor
San Francisco, California 94104-4207
Telephone: (415)397-2700
Facsimile: (415) 397-3300
cjh@dillinghammurphy.com
bhc@dillinghammurphy.com

*Attorneys for Defendants and Counterclaimants
Hitoshi Nishikawa and Asia International, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| GELLER INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> HITOSHI NISHIKAWA and ASIA INTERNATIONAL, INC., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. C 07-05159 MMC <br><br> **STIPULATION FOR AND [PROPOSED] ORDER TO ENTER PERMANENT INJUNCTION AND DISMISS ACTION WITH PREJUDICE, COURT TO RETAIN JURISDICTION TO ENFORCE PERMANENT INJUNCTION** |

Plaintiff and Counter-Defendant Geller International, Inc. ("Geller") and Counter-Defendant James Geller and Defendants and Counterclaimants Hitoshi Nishikawa and Asia

1

FUTTERMAN & DUPREE LLP

STIPULATION FOR AND [PROPOSED] ORDER TO ENTER PERMANENT INJUNCTION AND DISMISS ACTION WITH PREJUDICE, COURT TO RETAIN JURISDICTION TO ENFORCE PERMANENT INJUNCTION
CASE NO. C 07-05159 MMC

International, Inc. ("Defendants"), by and through their respective counsel of record, hereby stipulate as follows.

WHEREAS, the Court issued a TRO against Defendants on October 23, 2007;

WHEREAS, the Court issued a Preliminary Injunction against Defendants on November 14, 2007;

WHEREAS, upon conclusion of the Preliminary Injunction hearing on November 14, 2007, the parties requested and the Court order mediation in accordance with ADR L.R. 6;

WHEREAS, following a ten-hour mediation session on February 15, 2008, an agreement was reached between the parties to settle this action, conditioned on the Court entering an order approving the following terms:

1.  A permanent injunction will be entered against Nishikawa and Asia International, Inc, or any entity or person acting by, through or in concert with either of them, enjoining them for a period of 4 years:

    (a) From soliciting any business from or doing any business with any retail customer of Geller with whom Geller did any business during any time during Nishikawa's relationship with Geller. For all purposes under Paragraph 1 and all subparts thereof, 'solicit' means to have any direct or indirect communication of any kind whatsoever, regardless of by whom initiated, inviting, advising, encouraging or requesting any individual, person, firm or other entity, in any manner related to the purchase or sale of any product. In the event Nishikawa is contacted by a covered customer, he shall immediately inform them that he cannot discuss business and end such contact.

    (b) From soliciting or doing any business with Northern Wind.

    (c) From soliciting or doing any business with Poseidon or any subsidiary thereof in respect to sale of Wagyu Beef.

    (d) From soliciting or doing any business in respect to pork belly products with Mohawk Packing Company or its parent Morrell, or Meidi-ya.

FUTTERMAN & DUPREE LLP

2

STIPULATION FOR AND [PROPOSED] ORDER TO ENTER PERMANENT INJUNCTION AND DISMISS ACTION WITH PREJUDICE, COURT TO RETAIN JURISDICTION TO ENFORCE PERMANENT INJUNCTION

CASE NO. C 07-05159 MMC

1    2.    The Court shall retain jurisdiction over the parties to enforce the injunction set forth in Paragraph 1.

3.    Subject to the terms of Paragraphs 1 and 2, the parties stipulate that the Court should enter an order dismissing the above-entitled action in its entirety, with prejudice.

**IT IS SO STIPULATED** between the parties.

Dated: March 7, 2008          DILLINGHAM & MURPHY LLP

By    /s/
Carla J. Hartley
Barbara L. Harris Chiang
*Attorneys for Defendants and Counterclaimants*
Hitoshi Nishikawa
Asia International, Inc.

Dated: March 7, 2008          FUTTERMAN & DUPREE LLP

By    /s/
Daniel A. Croley
*Attorneys for Plaintiff* and *Counter-Defendant* Geller International, Inc. and *Counter-defendant* James Geller

FUTTERMAN & DUPREE LLP

STIPULATION FOR AND [PROPOSED] ORDER TO ENTER PERMANENT INJUNCTION AND DISMISS ACTION WITH PREJUDICE, COURT TO RETAIN JURISDICTION TO ENFORCE PERMANENT INJUNCTION

CASE No. C 07-05159 MMC

3

## PERMANENT INJUNCTION AND ORDER

The Court, having reviewed the foregoing Stipulation ~~for and Order~~, and good cause otherwise appearing based on the Court's records and files in this case, the Court **ORDERS**:

1. A permanent injunction will be and hereby is entered against Nishikawa and Asia International, Inc.; Nishikawa and Asia International, Inc. are both directed and prohibited from separately, together, and/or with, through or acting in concert with any other party, person or entity, during the period of 4 years from the date of this Permanent Injunction:

   (a) From soliciting any business from or doing any business with any retail customer of Geller with whom Geller did any business at any time during Nishikawa's relationship with Geller. For all purposes under Paragraph 1 and all subparts thereof, "solicit" means to have any direct or indirect communication of any kind whatsoever, regardless of by whom initiated, inviting, advising, encouraging or requesting any individual, person, firm or other entity, in any manner related to the purchase or sale of any product. In the event Nishikawa is contacted by a covered customer, he shall immediately inform them that he cannot discuss business and end such contact.

   (b) From soliciting or doing any business with Northern Wind.

   (c) From soliciting or doing any business with Poseidon or any subsidiary thereof in respect to sale of Wagyu Beef.

   (d) From soliciting or doing any business in respect to pork belly products with Mohawk Packing Company or its parent Morrell, or Meidi-ya.

2. The Court shall retain jurisdiction over the parties to enforce this Permanent Injunction ~~and the parties' Settlement Agreement~~. (See Stipulation at 3:1-2.)

3. Subject to the Court entering a Permanent Injunction as set out above and upon the parties' stipulation, the Court dismisses the above-entitled action in its entirety as to both the Complaint and Cross-Complaint, with prejudice.

March __10__, 2008

_____
The Honorable Maxine M. Chesney

FUTTERMAN & DUPREE LLP

STIPULATION FOR AND [PROPOSED] ORDER TO ENTER PERMANENT INJUNCTION AND DISMISS ACTION WITH PREJUDICE, COURT TO RETAIN JURISDICTION TO ENFORCE PERMANENT INJUNCTION

CASE NO. C 07-05159 MMC

4